UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES FRUTIGER,

    Plaintiff,

v.                                          Case No. 17-C-1114

WISCONSIN DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

---

### SCREENING ORDER

---

Plaintiff James Frutiger, who is incarcerated at Kettle Moraine Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition for leave to proceed without prepaying the full filing fee.

Plaintiff is required to pay the $350.00 statutory filing fee for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing fee of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $23.10. Plaintiff's motion to proceed *in forma pauperis* will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

The complaint alleges that Frutiger first put in a health service request (HSR) on July 12, 2016 regarding what was eventually determined to be sores from an allergic reaction to an unknown source. Dr. William Kelley prescribed hydrocortizone and menphor lotion to treat the rash, which allegedly did not work. Frutiger claims the rash was so severe that he was scratching himself to the point of drawing blood. He continued to submit HSRs and received other ointments and lotions to treat the rash—which he claims continued to provide no relief. By December 12, 2016, the rash and sores allegedly spread to his legs, feet, back, and buttocks. Dr. Kelley allegedly talked with Frutiger on December 13, 2016 about a skin biopsy or being seen by a dermatologist, but Dr. Weber seemingly suggested no ongoing treatment for the rash. Dr. Weber alleged discontinued all treatments for the rash on December 16, 2016. Frutiger claims he wrote to Health Services Manager William McCreedy on January 14, 2017 asking if he could get a skin biopsy or see a dermatologist,

2

but that McCreedy "responded by saying my treatment was finished and if anything worsens I should submit an HSR to be seen by the HSU staff for a sick call." Dr. Kelley renewed all of the medications discontinued by Dr. Weber on April 19, 2017, but allegedly told Frutiger that he needed to stop asking questions, that he was "milking the system," and called Frutiger a "sass ass." Frutiger continued to submit HSRs and inmate complaints through July 2, 2017 based on his complaints that none of the treatment he received provided relief.

It is well-established that deliberate indifference to the serious medical needs of a person held in custody violates his or her constitutional rights. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764 (7th Cir. 2002). To establish liability, a prisoner must show (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Deliberate indifference requires more than negligence; it requires that the official know of, yet disregard, an excessive risk to the inmate's health or safety. *Farmer*, 511 U.S. at 835, 837. Subjective knowledge of the risk is required: "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id*. at 838. At this stage of the proceedings, Frutiger has stated an Eighth Amendment claim. Based on the facts stated above, I cannot say that Frutiger's medical condition does not constitute a serious medical need or that prison officials did not demonstrate deliberate indifference to his condition.

To recover under § 1983 a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). An official satisfies the personal responsibility requirement of § 1983 if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent. *Id*. At this stage of the litigation, Frutiger may proceed against McCreedy, Dr. Kelley, and Dr. Weber based upon Frutiger's allegation that they knew of his injury yet did nothing or failed to provide adequate treatment. However, Frutiger's complaint does not clearly allege a claim against either the Wisconsin Department of Corrections or Kettle Moraine Correctional Institution and those defendants will be dismissed.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Wisconsin Department of Corrections and Kettle Moraine Correctional Institution will be **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $326.90 balance

of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>	Honorable William C. Griesbach
>	c/o Office of the Clerk
>	United States District Court - WIED
>	United States Courthouse
>	125 S. Jefferson St., Suite 102
>	Green Bay, Wisconsin 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is hereby notified that copies of future documents filed with the court that can be scanned and electronically filed need not be served on the other parties. Copies of documents that the clerk advises cannot be electronically scanned, however, must be provided to the opposing parties or their attorney pursuant to Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated this   31st   day of August, 2017.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court
